**LI YU YOU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–3737–ag.**

United States Court of Appeals, Second Circuit.

Aug. 15, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Lee Ratner, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Jeffrey J. Bernstein, Senior Litigation Counsel; Nairi M. Simonian, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Li Yu You, a native and citizen of the People's Republic of China, seeks review of an August 2, 2007 order of the BIA affirming the October 20, 2005 decision of Immigration Judge ("IJ") Robert D. Weisel denying You's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Yu You*, No. A 98 713 038 (B.I.A. Aug. 2, 2007), *aff'g* No. 98 713 038 (Immig. Ct. N.Y. City, Oct. 20, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ The IJ's adverse credibility determination was based almost entirely on his conclusion that You's testimony was "highly implausible[.]" This Court will not disturb an IJ's finding that an applicant's testimony is inherently implausible so long as that finding is "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived." *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir.2007); *see also Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir.2007). In making such a finding, an IJ is not required to "explain in precise detail what made each identified act implausible." *See Wensheng Yan*, 509 F.3d at 67. Rather, where "the reasons for [the IJ's] incredulity are evident," the implausibility finding "is supported by substantial evidence." *Id.*

The IJ found implausible You's assertion that he knew that practicing Falun Gong would improve his basketball skills, but did not practice Falun Gong because he was busy with school. You testified that, while

playing basketball as a thirteen-year-old, he was so impressed with the extent to which Falun Gong improved his friend's basketball skills that he endorsed it to his peers. In light of this assertion, the IJ properly found implausible that You did not practice Falun Gong himself, where it was "logical that if his friend told him that Falun Gong would make him a better basketball player, he would have started practicing it." *See Wensheng Yan*, 509 F.3d at 67. Further, the IJ reasonably declined to credit You's explanation that he did not practice Falun Gong because he was too busy with school, where this explanation failed to account for the fact that he had time to promote Falun Gong and to continue playing basketball. *Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The IJ also properly based his adverse credibility determination on an inconsistency between You's testimony and a letter submitted by his father. You's father stated in his letter that You was detained by school security officials in May 2005, whereas You testified that this event occurred in May 2000. This inconsistency, although minor, further undermines You's credibility.[2] *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006).

■ However, the IJ's decision was not without error. The IJ erred by basing his adverse credibility determination on his finding that You's testimony about Falun Gong lacked "sufficiency of detail" where You was not asked to provide additional details. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir.2005) (holding that the record did not support the agency's adverse credibility finding in the absence of additional probing). Moreover, the IJ's finding that it was implausible that You testified that he did not practice Falun Gong because he was afraid was based on a mischaracterization of the record. *See Zhou Yun Zhang*, 386 F.3d 66, 74 (2d Cir.2004) (providing that this Court will not uphold findings based on "misstatement[s] of the facts in the record").

These errors notwithstanding, remand would be futile because, based on the properly-made findings outlined above, it can be "confidently predict[ed]" that the IJ would reach the same decision on remand. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir.2006). The IJ's adverse credibility was, taken as a whole, supported by substantial evidence. *Zhou Yun Zhang*, 386 F.3d at 74. Accordingly, the IJ properly found that You failed to meet the burden of proof required for asylum, withholding of removal, and relief under the CAT, where each claim was based upon the same factual predicate. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** Because You's asylum application was filed after May 11, 2005, the REAL ID Act applies to his applications for asylum, withholding of removal, and relief under the CAT. *See* REAL ID Act of 2005, Div. B of Pub.L. No. 109–13, 119 Stat. 302, 303 (2005) (codified at 8 U.S.C. § 1158(b)(1)(B)(iii)). The Real ID Act modified credibility determinations to provide that an adverse credibility determination may be supported by implausibilities and inconsistencies regardless of whether they go to the heart of the applicant's claim. *See* INA § 208(b)(1)(B)(iii). Nonetheless, because the implausibilities present in You's case go to the heart of his claim that he was mistreated for supporting Falun Gong, they provide strong support for the adverse credibility determination.